Vance A. **DOBBINS, Jr., and Jerry Calvin Smith, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 26228.

United States Court of Appeals Fifth Circuit.

March 12, 1969.

Rehearing Denied April 9, 1969.

Harold H. Gearinger, Gearinger & Vineyard, Chattanooga, Tenn., for appellants.

Edward Boardman, U. S. Atty., Robert B. McGowan, Asst. U. S. Atty., Robert H. MacKenzie, Sp. Asst. U. S. Atty., Tampa, Fla., for appellee.

Before PHILLIPS,* BELL and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal by Vance A. Dobbins, Jr., and Jerry C. Smith from a jury conviction of having violated 18 U.S.C. § 2315. The crime involved is the receiving and concealing more than $5,000.00 in stolen goods, which goods constitute interstate commerce, and knowing the same to have been stolen. The goods are rare coins which had been stolen from a coin collector named Anderson in Chattanooga, Tennessee, in December, 1966. The estimated value of the coins was $225,000.00, including 189 rolls of one-cent pieces with a market value in excess of $41,000.00.

Bernhard Gould, a coin dealer in Sarasota, Florida, stated under oath that coins of the same description as that of the stolen coins were presented to him by the defendants. Some of the rolls of coins that defendants attempted to sell had Anderson's name written thereon. However, no sale was consummated. Additionally, Edward Brody, a Rossville, Georgia, jeweler, who had been previously convicted of his part in the same crime, testified that Dobbins stated the coins had previously been in Florida, that the asking price for the coins was $40,000.00, and that the coins he saw matched the coins stolen from Anderson in several particulars. As a defense, Dobbins took the stand to deny the statements made by the witnesses for the prosecution. Smith did not testify.

Both Dobbins and Smith allege various errors committed by the trial Court, none of which are well taken. As to the allegation that the comments

* Judge Phillips of the Tenth Circuit, sitting by designation.

of the judge were prejudicial, we dismiss such claim as spurious on its face. The trial Court did not abuse its discretion to direct the trial in an orderly manner. Hellman v. United States, 339 F.2d 36 (5 Cir., 1964). Moreover, a review of the record reveals ample evidence to support a denial of a motion for a directed verdict [i. e. judgment] of acquittal. The facts outlined above need not be restated. Jones v. United States, 391 F.2d 273 (5 Cir., 1968).

■ The third contention that it was erroneous to admit Edward Brody's testimony is equally groundless. Such testimony had a proper place in the trial.

The decision of the District Court is affirmed as to all issues presented on appeal.

Affirmed.